J-S61020-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JASON PAUL FAY, | : | |
| | : | |
| Appellant | : | No. 614 MDA 2015 |

Appeal from the Judgment of Sentence September 20, 2012,
in the Court of Common Pleas of Susquehanna County,
Criminal Division, at No.: CP-58-CR-0000251-2011

BEFORE:   PANELLA, WECHT, and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:   **FILED DECEMBER 06, 2016**

Jason Paul Fay (Fay) appeals from the judgment of sentence entered September 20, 2012, in the Court of Common Pleas of Susquehanna County. Additionally, Fay's counsel has filed a petition to withdraw and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).   We affirm the judgment of sentence and grant the petition to withdraw.

This Court previously summarized the background underlying this matter as follows.

> In the spring of 2010, Fay committed a series of burglaries, thefts, and related crimes in Susquehanna County, Pennsylvania.   Around the same time, Fay perpetrated similar crimes in nearby counties.   Fay was charged accordingly in the respective counties.
>
> In Susquehanna County, Fay was charged in three separate criminal informations for his string of crimes.   After

---

*Retired Senior Judge assigned to the Superior Court.

some cooperation and negotiation, Fay agreed to plead guilty to three counts of burglary. As part of the plea agreement, the Commonwealth agreed to each of the burglary sentences being run concurrently with each other. The Commonwealth also agreed not to object to Fay's request that the trial court run his Susquehanna sentences concurrently with any sentences that he was serving, or would serve, in … Lackawanna County [if he received a sentence there of four to eight years].

On August 24, 2012, Fay pleaded guilty according to the agreement. The Commonwealth *nolle prossed* all of the remaining charges. On September 20, 2012, the trial court sentenced Fay to two to fifteen years' incarceration on each burglary count, and ordered each sentence to run concurrently to each other per the plea agreement. However, the trial court ordered these sentences to run consecutively, not concurrently, to any other sentence that was imposed for his actions outside of Susquehanna County. The Commonwealth upheld its end of the bargain. The Commonwealth did not object to Fay's request that all of the sentences run concurrently. However, the victims of the burglaries did object. The trial court heeded the victim[s'] objections, and sentenced Fay accordingly. Fay filed a post-sentence motion, which the trial court denied on October 17, 2012.

Fay filed a notice of appeal on November 20, 2012, which was beyond the thirty-day appeal period. On [January 17, 2013], this Court, noting our lack of jurisdiction due to Fay's untimely notice of appeal, quashed Fay's direct appeal.

Thereafter, Fay filed multiple petitions for relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46. Subsequently, the trial court granted relief to Fay, and reinstated Fay's direct appeal rights. On April 7, 2015, Fay filed a notice of appeal. The trial court did not order Fay to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, and Fay did not file a statement.

*Commonwealth v. Fay*, 134 A.3d 108 (Pa. Super. 2015) (unpublished

memorandum at 2-3) (footnote omitted).

- 2 -

On appeal, Fay's counsel, Attorney Frederick J. Meagher, Jr., filed a petition to withdraw and **Anders** brief with this Court, which denied the petition for his failure to comply with **Anders** and its progeny in numerous respects. **Id.** at 4-7. We remanded the matter for Attorney Meagher to complete the record and file either a compliant **Anders** brief or advocate's brief. **Id.** at 7. Following remand, Attorney Meagher filed a supplemental brief. Concluding that Attorney Meagher still had not complied with the procedure for withdrawal and that the record was still incomplete, we again denied Attorney Meagher's petition to withdraw and remanded with instructions. **Commonwealth v. Fay**, 144 A.3d 210 (Pa. Super. 2016) (unpublished memorandum at 4-6).

Following receipt of a letter from Attorney Meagher "suggest[ing] that [he] have another 30 days to wrap this up," we denied his request and directed the trial court to revoke his appointment and appoint competent counsel to represent Fay on appeal.[1] Order, 5/19/2016. Thereafter, Attorney Laurence M. Kelly was appointed to represent Fay and, on July 21, 2016, he filed an **Anders** brief with this Court.[2] Because Attorney Kelly had not filed an accompanying petition to withdraw, this Court directed him to do

---

[1] We also directed the trial court to withhold any fees which would normally be paid to Attorney Meagher for the appeal and directed him to reimburse the county if he had already received any fees. Order, 5/19/2016.

[2] We note that the record was also supplemented with transcripts that previously had been missing.

so by order dated September 8, 2016, and provided Fay with 30 days following the filing of the petition to respond. Attorney Kelly filed his petition to withdraw on September 14, 2016. Thus, we now turn to our analysis of Attorney Kelly's petition and brief pursuant to *Anders*/*Santiago*.

As this Court has repeatedly stated throughout this protracted appeal, the following principles guide our review of this matter.

> Direct appeal counsel seeking to withdraw under *Anders* must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an *Anders* brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof….
>
> *Anders* counsel must also provide a copy of the *Anders* petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.
>
> If counsel does not fulfill the aforesaid technical requirements of *Anders*, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with *Anders* or file an advocate's brief on Appellant's behalf). By contrast, if counsel's petition and brief satisfy *Anders*, we will then undertake our own review of the appeal to determine if it is wholly frivolous. If the appeal is frivolous, we will grant the withdrawal petition and affirm the judgment of sentence. However, if there are non-frivolous issues, we will deny the petition and remand for the filing of an advocate's brief.

*Commonwealth v. Wrecks*, 931 A.2d 717, 720-21 (Pa. Super. 2007) (citations omitted). Our Supreme Court has expounded further upon the requirements of *Anders* as follows.

- 4 -

> [I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361.

Based upon a generous reading of Attorney Kelly's petition to withdraw and **Anders** brief, we conclude that his efforts just barely meet the threshold of substantial compliance with the above requirements. Given that Attorney Meagher substantially and repeatedly failed to comply with those requirements, Fay availed himself of the opportunity to raise additional issues before this Court,[3] the protracted nature of this appeal, and our responsibility to conduct an independent review of the record in view of issues both raised and not raised pursuant to **Commonwealth v. Flowers**, 113 A.3d 1246 (Pa. Super. 2015), we proceed with our analysis herein. **Id.** at 1248 (quoting **Santiago**, 978 A.2d at 354 n.5) (stating that once "counsel has met these obligations, 'it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an

---

[3] Although Fay did not file a response to Attorney Kelly's petition to withdraw, Fay filed a response to Attorney Meagher's original petition to withdraw.

independent judgment to decide whether the appeal is in fact wholly frivolous.'").

A review of the **Anders** brief reveals that the only issue of arguable merit raised concerns the voluntariness of Fay's guilty pleas. Attorney Kelly essentially states that this issue is frivolous because the record, particularly the written and oral guilty plea colloquies, establish that the pleas were entered voluntarily; Fay is bound by the statements he made therein and cannot assert grounds for withdrawing the plea that contradict those statements. **Anders** Brief at 7-10 (quoting **Commonwealth v. Barnes**, 687 A.2d 1163, 1167 (Pa. Super. 1996); **Commonwealth v. Yeomans**, 24 A.3d 1044, 1047 (Pa. Super. 2011)).

Although we agree with Attorney Kelly's conclusion that a challenge to the voluntariness of Fay's guilty pleas is frivolous, we do so on a different basis. Specifically, Fay did not challenge the voluntariness of his pleas during the plea colloquy or file a post-sentence motion to withdraw the plea. Thus, he has failed to preserve this issue, and it is waived. **Commonwealth v. Lincoln**, 72 A.3d 606, 609-10 (Pa. Super. 2013) (citation omitted) ("A defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing. Failure to employ either measure results in waiver."). An issue that is waived is

frivolous. **_See Commonwealth v. Kalichak_**, 943 A.2d 285, 291 (Pa. Super. 2008) (holding that when an issue has been waived, "pursuing th[e] matter on direct appeal is frivolous").

In the **_Anders_** brief, Attorney Kelly also presents a challenge to the validity of Fay's guilty pleas on the basis of ineffective assistance of Fay's counsel. Attorney Kelly proposes that this matter be remanded to the trial court so that it can conduct a hearing on Fay's ineffectiveness claim in this regard, though he acknowledges that such claims are generally deferred to collateral review. **_Anders_** Brief at 10-12.

Fay's ineffectiveness claim is not properly before this Court at this juncture. **_See Commonwealth v. Holmes_**, 79 A.3d 562, 576 (Pa. 2013) (explaining that, absent certain circumstances not present herein, "claims of ineffective assistance of counsel are to be deferred to PCRA review; … such claims should not be reviewed upon direct appeal."). Thus, this issue is frivolous insofar as it is not cognizable on direct appeal.

Though not raised in Attorney Kelly's **_Anders_** brief, we next address the issue raised in the **_Anders_** brief filed by Attorney Meagher prior to Attorney Kelly's appointment:  whether the trial court abused its discretion in imposing consecutive rather than concurrent sentences.

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

- 7 -

> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).

***Commonwealth v. Griffin***, 65 A.3d 932, 935 (Pa. Super. 2013) (some citations omitted).

Fay filed a timely notice of appeal *nunc pro tunc* and presented his claim in a post-sentence motion. Although Attorney Meagher's brief did not include a Rule 2119(f) statement, we nonetheless proceed to determine whether Fay's claim raises a substantial question. ***Commonwealth v. Bynum-Hamilton***, 135 A.3d 179, 184 (Pa. Super. 2016) (quoting ***Commonwealth v. Zeigler***, 112 A.3d 656, 661 (Pa. Super. 2015)) ("Although counsel has not included the requisite Pa.R.A.P. 2119(f) statement in his ***Anders*** brief herein, '[w]here counsel files an ***Anders*** brief, this Court has reviewed the matter even absent a separate Pa.R.A.P. 2119(f) statement. Hence, we do not consider counsel's failure to submit a Rule 2119(f) statement as precluding review of whether Appellant's issue is frivolous.'").

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. ***Commonwealth v. Paul****,* 925 A.2d 825,

828 (Pa. Super. 2007). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Griffin,* 65 A.3d at 935 (citation and quotation marks omitted).

Although Attorney Meagher failed to present any argument with respect to Fay's discretionary-aspects claim in his *Anders* brief, our independent review of the record reveals that, in his post-sentence motion, Fay challenged the consecutive nature of his sentences as excessive in light of various mitigating factors.[4] This claim does not raise a substantial question. *See Commonwealth v. Johnson*, 961 A.2d 877, 880 (Pa. Super. 2008) (holding that Johnson's "assertion of abuse of discretion for imposing consecutive sentences without properly considering mitigating factors fails to present a substantial question to justify this Court's review of

---

[4] Because the trial court had the benefit of a pre-sentence investigation report (PSI), it is presumed that it considered the relevant mitigating factors. *Griffin*, 65 A.3d at 937 (quoting *Commonwealth v. Devers*, 546 A.2d 12, 18 (Pa. 1988)) ("Where the sentencing court had the benefit of a [PSI], we can assume the sentencing court 'was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors.'").

his claim"). Thus, Fay's discretionary-aspects-of-sentence claim is frivolous.[5]

Lastly, we observe that in his *pro se* response to Attorney Meagher's petition to withdraw, Fay argued that Attorney Meagher did not comply with the requirements for withdrawal. In so doing, he alleged that Attorney Meagher did not present argument in support of Fay's claims challenging the consecutive nature of his sentence, the validity of his guilty pleas, and whether the trial court erred "when the Honorable … Kenneth W. Seamans refused to recuse himself." Fay's Response to Counsel's **Anders** Brief at 10. Fay's claims challenging the discretionary aspects of his sentence and the validity of his guilty pleas are frivolous for the reasons stated above. As for the issue of whether Judge Seamans erred in failing to recuse himself, we note that "[i]t is well-settled that a party seeking recusal or disqualification must raise the objection at the earliest possible moment or that party will suffer the consequence of being time barred." **Commonwealth v. Pappas**, 845 A.2d 829, 846 (Pa. Super. 2004). There is no indication in the record

---

[5] In his post-sentence motion, Fay also alleged that his maximum sentence was excessive, particularly in light of mitigating factors. We likewise conclude that such a claim does not raise a substantial question. **See Commonwealth v. Cannon**, 954 A.2d 1222, 1229 (Pa. Super. 2008) (explaining that "this Court has held on numerous occasions that a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review" and concluding that "Cannon has failed to present a substantial question that his sentence was excessive"). Thus, any issue in this regard is frivolous as well.

that Fay sought recusal before the trial court at any point and, thus, this issue is waived. *Id.*; *see also Commonwealth v. Boyd*, 835 A.2d 812, 820 (Pa. Super. 2003) (holding that a claim that the trial judge erred in not recusing himself and in not holding an evidentiary hearing on the issue was waived because the trial court stated that it was never presented with a motion to recuse and Boyd did not direct the Court to any location in the record that reflects that he filed such a motion, nor did Boyd even allege that he did so). As explained earlier, an issue that is waived is frivolous. *Kalichak*, 943 A.2d at 291.

Accordingly, we conclude that the issues raised in this direct appeal are frivolous. Moreover, we have conducted "a full examination of the proceedings" and conclude that "the appeal is in fact wholly frivolous." *Flowers*, 113 A.3d at 1248. Thus, we affirm the judgment of sentence and grant Attorney Kelly's petition to withdraw.

Judgment of sentence affirmed.  Petition to withdraw granted.

Judge (now Justice) Wecht did not participate in the consideration or decision of this Memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/6/2016